IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02364-GPG

GREGORY DEAN ALBRIGHT, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

RICK RAMISCH [sic], in his official capacity as Executive Director of the Colorado Department of Corrections and in his individual capacity,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Gregory Dean Albright, was incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado when he initiated this action by filing a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. He subsequently informed the Court that he has been transferred to the Adams County Detention Facility in Brighton, Colorado. Mr. Albright is a Colorado Department of Corrections (DOC) offender who is on a parole hold and awaiting the resolution of parole revocation proceedings. He seeks the removal of his parole hold, as well as injunctive and declaratory relief.

    The Court must construe Mr. Albright's Prisoner Complaint liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records.

*See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  For the reasons stated below, the Prisoner Complaint will be dismissed.

Mr. Albright alleges that on December 26, 2013, he was detained by state officials for a parole violation.  He further alleges that he repeatedly requested to have the parole hold removed pending the final determination of his parole revocation proceedings, and the requests were denied by state officials.  On the basis of these allegations, he asserts two claims.  As his first claim, he contends he is being denied equal protection because under Colorado law probationers have a right to bail pending the final determination of revocation proceedings while parolees, such as himself, are arbitrarily denied bail pending their revocation proceedings.  As his second claim, he contends he has been subjected to cruel and unusual punishment by being denied bail pending revocation proceedings.

Mr. Albright's claims challenging his parole hold concern the execution of his sentence, and may be asserted in a habeas corpus action pursuant to 28 U.S.C. § 2241, but not in the instant civil rights action pursuant to 42 U.S.C. § 1983.  His challenge to his parole hold, if successful, necessarily would imply the invalidity of his incarceration.  Therefore, the challenge is not cognizable under § 1983 and is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at

486-87. Although Plaintiff is not challenging the validity of a criminal conviction or sentence, the rule in *Heck* also applies to claims that challenge other forms of confinement. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation). Although Plaintiff does not seek damages, *Heck* still applies. A civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Albright's sole federal remedy to challenge his parole hold is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Murray v. Dobbs*, No. 09-cv-02021-LTB-MJW, 2010 WL 3522564, at *3 (D. Colo. July 29, 2010) (unpublished). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The habeas corpus action Mr. Albright initiated in this Court challenging his parole hold was dismissed without prejudice for failure to exhaust state remedies. *See Albright v. Raemisch*, Civil Action No.14-cv-01505-BNB (D. Colo. Nov. 13, 2014).

Therefore, the Prisoner Complaint and the action will be dismissed without prejudice as barred by the rule in *Heck*.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Albright files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed filed by Plaintiff, Gregory Dean Albright, are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  20th  day of    November    , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK  
Senior Judge, United States District Court